# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3853 | **DATE** | 7/30/2010 |
| **CASE TITLE** | Mike Woods (#2009-0022706) v. Lt. Blunt | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes the trust fund official at Plaintiff's place of confinement to deduct $5.80 as an initial partial filing fee from Plaintiff's trust fund account and to continue making deductions from the account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff may proceed with his complaint against Cook County Jail Officer Fermaint, Sergeant Brown, Nurse Davis, Sergeant Severling, Sergeant Lee, and Officer Crawford. The clerk shall issue summonses for service of the complaint on these Defendants through the U.S. Marshal. The other Defendants are dismissed. The clerk shall forward instructions for filing and a Magistrate Judge Consent Form to Plaintiff.

■ **[For further details see text below.]**    Docketing to mail notices.

## STATEMENT

Plaintiff, Mike Woods (#2009-0022706), is an inmate at the Cook County Jail. He states that, in April 2010, he was attacked by other inmates with a shank in the medical unit of the jail. Plaintiff states that Officer Fermaint was aware that inmates were threatening each other before the attack, but did nothing. Fermaint allegedly falsely accused Plaintiff in retaliation for Plaintiff complaining about Fermaint's and other officers' conduct. Plaintiff states that he was unable to obtain prescribed medical treatment for his stab wound in segregation, despite his numerous complaints to Sergeant Brown, Nurse Davis, Sergeant Sevening, Sergeant Lee, and Officer Crawford. Plaintiff also alleges that Tom Dart, Sergeant Farris, Superintendent Martinez, and Lieutenant Blount were aware of fights in jail, yet refused to conduct routine shakedowns to search for weapons.

Plaintiff's *in forma pauperis* application reveals that he is unable to prepay the $350 filing fee. The court grants the motion and assesses an initial partial filing fee of $5.80. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct, when adequate funds exist, the initial filing fee from Plaintiff's trust fund account and pay it to the clerk of court. After collection of the initial partial filing fee, the supervisor of inmate trust accounts is authorized to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and trust fund officers at Cook County Jail shall notify transferee authorities of any outstanding balance in the event he is transferred.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

Preliminary review of Plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that he has stated a colorable cause of action against Fermaint, Davis, Brown, Sevening, Lee, and Crawford. Plaintiff may proceed at this time against these Defendants, and the clerk shall issue summonses for service of the complaint on them. With respect to the other Defendants, however, it is clear from the complaint that Plaintiff alleges only a general failure to protect and that he only speculates that more searches may have decreased the violence in jail. Such allegations do not state a valid § 1983 claim. *See Weiss v. Cooley*, 230 F.3d 1027, 1033 (7th Cir. 2000) (allegations of a general knowledge of violence but not of any specific threats to a particular detainee do not state a constitutional claim of failure to protect); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the allegations of a complaint must be sufficient enough to raise a possibility of relief at least above a merely speculative level). Accordingly, Lt. Blount, Tom Dart, Sergeant Farris, and Superintendent Martinez are dismissed as Defendants.

The United States Marshal's Service will serve Cook County Jail Officer Fermaint, Nurse Davis, Sergeants Sevening, Lee, and Brown, and Officer Crawford. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, Cook County Jail officials shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail requests for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service; however, if unable to obtain waivers of service, the Marshal shall attempt to serve the Defendants personally.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to the Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.